[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant has brought this appeal from the actions of the Board of Assessment Appeals of the City of New Haven. The appellant was the owner of the property located at 117-119 Brownell Street on October 1, 1997. On that assessment date the assessor for the City determined the total valuation of the property to be $154,560. Based upon that valuation the assessed value was $108,192. The appellant pursuant to Sections 12-117a
and 12-119 of the General Statutes appealed from the refusal of the Board to reduce the actual value on October 1, 1991.
The parties stipulated that October 1, 1991 is the operative and proper date for the valuation of the property.
The appellant presented Eric Glidden as its appraiser. He estimated the CT Page 12109 market value for the subject property as of October 1, 1991 was $105,000. He inspected the property on May 23, 2000. He found the property was located in an older, mixed residential area which was convenient to shopping, bus service, houses of worship, highways, and municipal services. To support his estimate of the value he relied upon comparable values of properties located at 58 Mansfield Street, 204 Winthrop Avenue, and 26-28 Ellsworth Avenue. These three sales were for similar three family homes located within one mile of the subject property. The values of the properties were declining in this area because of market conditions as well as the oversupply and limited demand for that neighborhood.
The subject property is a three family residential dwelling which was built in 1920, and it contains 7080 square feet. It has 3554 square feet of living area, and old style utilities. It also has on site parking.
The plaintiff contends this case rests upon the credibility of the appraisal reports. He argues the comparables relied upon by the appraiser for the defendant at 468 Edgewood Avenue and 204 Goffe Street were based upon sales with 99 or 100 percent financing without any adjustment based upon the financing. He also argues the defendant's comparable sale for 505 Central Avenue is a far superior location than the subject property with no adjustment for location. The plaintiff concludes Mr. Guardiano overestimated the value of the subject property in relying upon alleged comparable sales that overestimated the value of the subject property.
The appellant based upon the comparables relied upon by her appraiser contends the fair market value of the property was $105,000 on October 1, 1991. The comparable at 58 Mansfield Street on March 25, 1991 sold for $130,000 and after adjustments for time, gross living area, functional utilities and for a detached garage its adjusted value was $107,210.
204 Winthrop Avenue on June 10, 1991 sold for $80,000, and after adjustments for time, location, site, condition, gross living area and absence of on site parking the adjusted value was $85,465. It had previously sold for $70,000 on March 15, 1991, but that was not a valid sale.
26-28 Ellsworth Avenue on September 6, 1991 sold for $80,000. The adjusted value of this property was $97,560 after adjustments were made for the time of sale, location, site, condition of property, gross living area, and the absence of onsite parking. This value was established by a foreclosure sale.
The City presented as a witness William J. O'Brien, the City Assessor of New Haven. He signed an Assessment Valuation Summary prepared by his CT Page 12110 office based upon a mass appraisal process used by Sabre Systems, Inc., a revaluation company hired by the City. This process used the cost approach with depreciation factors used for adjustments. He contends in this summary that 1991 was a year of stability between the downturn of the real estate market for the 1989-90 period, and the 1992-93 downturn, and therefore value as of October 1, 1991 only reflected the 1989-1990 downturn. This summary concludes the value of the subject property on October 1, 1991 was $154,600. He relies upon the sales price of seven properties in 1991. The information contained on the Summary is not an appraisal, and it does not contain sufficient information to describe the properties, or to adjust for different variables. It is not adequate to rely upon the information of these properties as comparables to the subject property.
Vincent J. Guardiano, the real estate appraiser for the City estimated the market value of the property as of October 1, 1991 was $139,000. This value was $34,000 more than the value claimed by the appellant. This sum was also $15,600 less than the value claimed by the defendant.
"Fair market value" is the value that would be fixed in fair negotiations between a desirous buyer and a willing seller, neither under any undue compulsion to make a deal. Uniroyal, Inc. v. Board of TaxReview, 174 Conn. 380, 390 (1978). This court "must arrive at [its] own conclusions as to the value of [the taxpayers property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and [its] own general knowledge of the elements going to establish value . . ." Xerox Corp. v.Board of Tax Review, 240 Conn. 192 (1997). Pursuant to 12-117a of the General Statutes "The court shall have power to grant such relief as to justice and equity, appertains, upon such terms and in such manner and form as appear equitable . . .
This court finds the fair market value of the subject property as of October 1, 1991, was $122,000. Pursuant to 12-117a of the General Statutes the appellant shall be reimbursed for overpayment of taxes together with interest and costs for this appeal.
Judgment shall enter accordingly.
Howard F. Zoarski Judge Trial Referee